# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YVONNE ICAN BRADLEY, | Civil Action No. 14-1698 |
| Plaintiff, | |
| | Magistrate Judge Lisa Pupo Lenihan |
| v. | |
| BRIAN S. MILLER, | |
| Defendant. | |

## ORDER

Plaintiff initiated this prisoner civil rights action on December 16, 2004, by filing a motion for leave to proceed *in forma pauperis* ("IFP") accompanied by a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff's motion for IFP was granted and her complaint was docketed on December 23, 2014. In that complaint, she sued Brian Miller, Warden of the Fayette County Prison, and Al Ambrosini, Fayette County Prison Board Chair, alleging (1) that CO Lorie Chapman antagonized her, which resulted in her placement in solitary confinement; (2) that Mr. Zavada would not respond to her grievances and restricted her from writing materials; (3) that CO Jessica Outland antagonized her by using racial slurs and throwing her prayer book in the trash; (4) that CO Jessica Outland attempted to have her "jumped" by other female residents; (5) that CO Jessica Outland issued a false misconduct against her to have her confined in solitary confinement; (6) that Warden Miller consistently disregarded her complaints about not being able to use the law library; and (7) that Commissioner Ambrosini disregarded her complaints regarding her living conditions.

1

On March 12, 2015, Plaintiff filed an "amended complaint", where she has sued Dominick Dilio, M.D., and Ron Delorenzo, LPN, both of the Fayette County Prison. Her allegations in the amended complaint are sparse, but she states that Dr. Dilio prescribed her the wrong medication for the mass below her jaw. At the top of her amended complaint she wrote "Amended Complaint in addition to 12/14 filing". Thus, it appears that Plaintiff desires this "amended complaint" to actually be a supplement to her original complaint. However, because of the obvious difference between the two complaints, Plaintiff is not allowed for her amended complaint to serve as either a supplement to her original complaint or an amended complaint to replace her original complaint. Therefore, the Court will order the Clerk to strike Plaintiff's most recent filing.

In fact, because of the insufficiencies in Plaintiff's original complaint, she will be required to submit an amended complaint. In filing such amended complaint, Plaintiff should keep in mind that it will <u>completely replace</u> the original complaint that she filed in this matter. It will be a standalone document that should <u>not</u> refer back to the original complaint. The following are instructions that Plaintiff should following when amending her complaint.

## I.     Instructions for Filing Amended Complaint

**A. Caption and Heading**

Plaintiff must place her full name and address at the top of the amended complaint. Plaintiff must also add the names and addresses of **each** defendant. Plaintiff must name as defendants only those persons who are responsible for the alleged constitutional violation(s).

**B. Jurisdiction**

Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum. If Plaintiff's action is generally one for a violation of civil rights, 42

U.S.C. § 1983 will normally be the basis for the claim. In order for Plaintiff's action to be heard in federal court under Section 1983, she must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color of state law.

**C. Parties**

As the person initiating the lawsuit, Plaintiff must identify herself as such. Also, for **each** defendant named in the amended complaint, Plaintiff should list their current address and description of their employment. In addition, Plaintiff should explain briefly how or in what capacity each defendant acted under authority given to them by state or local government.

**D. Statement of Claim**

Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide a description of how the defendant(s) violated his rights.

**E. Statement of Facts**

Plaintiff must provide specific details of precisely how his civil rights were allegedly violated. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Plaintiff should clearly describe how each named defendant is involved in the alleged constitution violation(s). This description should include references to relevant dates, times, and locations. It should explain to the Court what happened by specifically describing each defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations. Plaintiff should not include legal argument in his amended complaint. Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a

dispositive motion or at the time of trial. However, Plaintiff should be specific about the particulars of the event, each defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count. Each incident must be clearly and specifically described; it should include the relevant time, date, and location. Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident.

**F. Injury**

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendant that resulted in the alleged civil rights violation. Simply stating that his civil rights have been violated is insufficient.

**G. Previous Lawsuits**

Plaintiff must alert the Court to any other case in which he was a party that may be connected with the case he is now filing. Plaintiff should inform the Court of any and all previously filed cases that include some of the same facts and events he relies on for this case.

**H. Exhaustion of Administrative Remedies**

Plaintiff should be aware that under 42 U.S.C. § 1997e(a), he must fully exhaust all available administrative remedies before pursuing a civil rights complaint concerning prison conditions.

**I. Request for Relief**

Plaintiff must describe for the Court the relief she is seeking as a result of this lawsuit. The relief requested must be related specifically to the injury suffered. However, Plaintiff should be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody.

**J. Declaration Under Penalty of Perjury**

Plaintiff must sign his amended complaint and file it with the Clerk of the Court. When doing so, Plaintiff is making a declaration under law to the Court that everything in the amended complaint is true. Plaintiff should realize that the Court can order sanctions or penalties for the filing of complaints and pleadings that are frivolous, without merit, based on false or misleading information, etc. These sanctions or penalties can take many forms including, but not limited to, dismissing the case, assessing fines, and limiting Plaintiff's filing privileges in federal court.

## II. Miscellaneous

**A. Change of Address**

Plaintiff shall immediately advise the Court of any change of address. She shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain only information pertaining to the address change and the effective date of such. Plaintiff must file a separate notice in each case that he has pending before the Court. Failure to inform the Court of an address change may result in the dismissal of this case, without further notice of the Court.

**B. Correspondence with the Court**

Plaintiff should not correspond with the Court in letter form. Plaintiff should file a pleading or motion with a title. The title should be a brief summary of the contents of the pleading or motion. As a matter of course, the Court will not respond to Plaintiff's letters. Plaintiff should

not attempt to correspond directly with a district judge or magistrate judge. They will not, as a matter of policy, respond to personal correspondence when it pertains to a pending case. This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties. Accordingly, their decisions and opinions are, quite properly, only delivered in response to those legal instruments filed with the Clerk's office in accordance with governing rules of procedure. The Court will strike and return any correspondence addressed directly to a district judge or magistrate judge.

**AND NOW**, this 13th day of March, 2015;

**IT IS HEREBY ORDERED** that the Clerk of Court **STRIKE** ECF No. 7.

**IT IS FURTHER ORDERED** that Plaintiff shall amend her complaint as described herein and file it with the Court within thirty (30) days of the date of this Order. Plaintiff should prepare or fill out a new civil rights complaint, clearly marking it **Amended Complaint for 2:14-1698**. The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint.

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with this Order will result in a dismissal of this action for failure to prosecute.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: **YVONNE ICAN BRADLEY**
OA-1258
SCI Cambridge Springs
451 Fullerton Avenue
Cambridge Springs, PA 16403